# Krantz *v.* Kazenstein.

*Judgment—Confessed judgment—Place of performance—Contract.*

A judgment entered in Pennsylvania on an ordinary judgment note containing a power to confess judgment in Pennsylvania will not be stricken off because the face of the note shows that the words, "Wayne County, Pa.," were stricken out and "Hancock, N. Y." inserted.

As between the place of making and the place of performance, where a place of performance is specified, the law of the place of performance governs as to the obligation, interpretation, etc.

Argued Jan. 17, 1903. Appeal, No. 18, Jan. T., 1903, by William H. Nichols, from order of C. P. Lackawanna Co., Sept. T., 1898, No. 673, discharging rule to strike off judgment in case of William H. Krantz to use of Honesdale Shoe Company v. George W. Kazenstein and William H. Nichols. Before BEAVER, SMITH, W. W. PORTER, W. D. PORTER and MORRISON, JJ. Affirmed.

Rule to strike off judgment.

CARPENTER, J., stated the facts to be as follows:

On July 9, 1899, judgment was entered in this court upon a note, of which the following is a copy:

" Hancock, N. Y., June 29, 1898. Six months after date, for value received, I promise to pay Wm. H. Krantz or bearer, two hundred and ninety-one 27–100 dollars, with interest from date, without defalcation or stay of execution, and hereby confess judgment for the above sum, interest and costs, and authorize any prothonotary of any court of common pleas in Pennslyvania to enter judgment hereon, waiving right of inquisition and property exemption under the laws of this commonwealth, both in regard to property I now own, or may hereafter own, and I agree that any property owned by me may be sold on any execution issued upon the judgment entered hereon.

" GEO. W. KAZENSTEIN." [L. S.]

On April 20, 1901, William H. Nichols presented his petition to this court, setting forth that he is a resident of Hancock, Delaware county, New York; that he is a creditor of the defendant, George W. Kazenstein, against whom he has. recovered a judgment in this court of No. 292, May term, 1901, for $486.95 for an indebtedness which accrued prior to the date of the note upon which the judgment in this case was entered.

He further represents that the note in this case was executed in the state of New York; was payable in the state of New York; was a contract made wholly within the state of New York. He claims that the confession of judgment in said note always was and is absolutely null and void as against him, a creditor of the defendant, for the reason that it is not in accordance with the requirements of the law of New York, prescribed by the state of New York in order to authorize the entry of judgment in that state, and that being null and void in New York as against him, a creditor of the defendant, the same is null and void in Pennsylvania, and the entry of said judgment was without authority of law, and the said judgment itself at all times has been and is absolutely null and void. Whereupon he asks that a rule be granted to show cause why said judgment shall not be stricken from the records of this court; and such rule was granted.

The plaintiff filed an answer admitting that the note in

suit was dated and executed in the state of New York, but denying that it is payable in that state.

At the argument it was admitted as a matter of fact that the requirements of the laws of New York are such that a judgment could not have been entered in that state upon this note which would have been valid as against a creditor of the defendant.

CARPENTER, J., after stating the facts as above and citing Watson v. Brewster, 1 Pa. 381, Thornton v. Western Reserve Farmers' Ins. Co., 31 Pa. 529, Morgan v. Neville, 74 Pa. 52, and Hendrickson v. Fries, 45 N. J. L. 555, discharged the rule.

*Error assigned* was the order of the court.

*Charles L. Hawley*, for appellant.

*R. Louis Grambs*, with him *Fred E. Beers*, for appellee.

PER CURIAM, February 11, 1903:

An ordinary judgment note, used by plaintiff in his business in Pennsylvania, has the words, " Wayne County, Pa.," stricken out and " Hancock, N. Y.," inserted. The note is an ordinary promissory note, under seal, containing the following provisions : " And I' hereby confess judgment for the above sum, interest and costs, and authorize any prothonotary of any court of common pleas in Pennsylvania to enter judgment hereon, waiving right of inquisition and property exemption, under the laws of this commonwealth, both in regard to property I now own or may hereafter own; and I agree that any property owned by me may be sold on any execution issued upon the judgment entered hereon."

Upon this note judgment was entered in Pennsylvania and the remedy prescribed therein followed in making sale of certain real estate. A rule to show cause why the judgment should not be stricken off was obtained and, upon argument, discharged by the court below.

Whatever may be said as to the law governing the construction of the contract, the clause above quoted evidently relates to and contemplates the entry of judgment in Pennsylvania, under whose laws the remedy is, therefore, to be enforced.

Pennsylvania would also seem to be regarded by the terms of the note the place of performance. "As between the place of making and the place of performance, where a place of performance is specified, the law of the place of performance governs as to the obligatic_ı, interpretation," etc: 2 Bouvier's Law Dict. Rawle's Revision, 201. See also Waverly National Bank v. Hall et al., 150 Pa. 466 ; Burnett v. Pennsylvania R. R. Co., 176 Pa. 45 ; Musser v. Stauffer, 192 Pa. 398. See also Coghlan v. South Carolina R. R. Co., 142 U. S. 101 (12 Sup. Ct. Repr. 150).

The law is so clearly and definitely settled in regard to this question and the court below has so fully discussed it that it is unnecessary to add further discussion here. The order of the court discharging the rule to strike off the judgment is, therefore, affirmed.