## Newark Trust Company v. Herr

*David F. Chambers, Jr.*, for plaintiff.

*Merrill L. Hassel* and *Paul F. McKinsey*, for defendant.

WISSLER, J., January 15, 1954.—In this case a judgment in the amount of $309.63 in favor of plaintiff, Newark Trust Company, and against Clarence Herr, Jr., and Irene D. Herr, was entered on March 5, 1953, no. 508—1953, said note being dated July 10, 1952.

Thereupon defendants presented their petition asking the court to open the judgment and let defendants into a defense. Following this plaintiff filed a motion to strike off the rule to show cause why the judgment should not be opened. It is these two rules, to which no answers were filed nor any depositions taken, that are presently before the court. However, where the petition to open the judgment has been filed and plaintiff moves that the rule to open be struck off, the averments in the petition must be taken as true: 7 Standard Pa. Practice 96, §109.

According to the pleadings, defendants executed and delivered to Jim Miller & Company a note dated July 10, 1952, in the amount of $324.36, payable to the order of Jim Miller, payable in 33 monthly installments of $9.82 each, the first payment on October 9, 1952, which was subsequently negotiated by indorsement without recourse to the Newark Trust Company, the present holder and plaintiff. On March 5, 1953, plaintiff caused judgment to be entered in the amount of $309.63 in the Prothonotary's Office of Lancaster County on the warrant to confess judgment contained in the note, upon the filing of an affidavit of default for the monthly installment payments from October 9, 1952, to the present time.

In the petition to open the judgment defendants allege:

"(2) That judgment was entered against them in the said court in the said cause on the fifth day of March, 1953, by virtue of a warrant of attorney dated July 10, 1952, which related to the sale of aluminum storm windows, screens and doors. (3) That the warrant of attorney was not filled in in any way, as to an amount, interest, due date, etc. (4) That above the said warrant of attorney, there are certain words and figures in the form of a sales slip or proposal, dated June 27, 1952, the total of which figures is $446.00,

a copy of which the defendants have in their possession. (5) That the following morning on June 28, 1952, after the defendants signed the above mentioned warrant of attorney, they notified Jim Miller and Company, the seller, that they are cancelling their contract as their budget would not permit them to go through with such a contract. (6) That the said Jim Miller and Company informed them that they could not cancel their contract, in as much as the screens and windows were already made to order. (7) That at the time the defendants signed the said warrant of attorney, the representatives of Jim Miller and Company, informed them that they would not have to pay any amount whatsoever, if the storm windows and screens were not satisfactory. (8) That the defendants did receive under their protest, eleven (11) storm windows and screens which were very unsatisfactory, in as much as there is no drainage for rain water which collects between the window and the combination storm and screen window, and also that the said combination storm and screen windows did not fit the windows properly. (9) That the said representatives of Jim Miller and Company stated that the screens would have such drainage."

As the judgment note provides that payment shall be made at the Newark Trust Company, Newark, Del., the laws of the State of Delaware must control. Where the contract is either expressly or tacitly to be performed in any other place the general rule is in conformity to the presumed intention of the parties that the contract, as to its validity, nature, obligation and interpretation, is to be governed by the law of the place of performance: Waverly National Bank v. Hall et al., 150 Pa. 466; Frantz v. Kazenstein, 22 Pa. Superior Ct. 275.

As the Uniform Negotiable Instruments Act is in force in both the State of Pennsylvania (56 PS §1)

and the State of Delaware (Delaware Revised Code 1935, 3125 et seq., having been adopted by the State of Delaware on January 1, 1912, Uniform Laws Annotated, vol. 5, table 3), the sections of the Uniform Negotiable Instrument Act are equally applicable to the present case under both Delaware and Pennsylvania law.

The note in question is a negotiable instrument because it meets the requirements of section 1 of the Uniform Negotiable Instruments Act (Uniform Laws Annotated, vol. 5) ; nor does the indorsement by the payee "without recourse" impair the negotiable character of the instrument: Section 38 of Uniform Negotiable Instruments Act; Uniform Laws Annotated, vol. 5.

The Uniform Negotiable Instruments Act, sec. 52; vol. 5 of Uniform Laws Annotated, sets forth the following as constituting a holder in due course:

"A holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) That he took it in good faith and for value; (4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The petition contains no allegation that the note was not complete and regular when plaintiff took it, or that it became the holder of it before it was overdue, and with notice that it had been previously dishonored, or that plaintiff did not take the note in good faith and for value, nor that at the time the note was negotiated to plaintiff it had any notice of any infirmity in the instrument or defect in the title of the person negotiating it.

By section 45 of the same act, as to time of indorse-

ment and presumption, it is provided that "Except where an indorsement bears date after the maturity of the instrument, every negotiation is deemed *prima facie* to have been effected before the instrument was overdue."

The gravamen of defendants' contention is that the note in question was signed in blank by defendants upon the representation of an agent of Jim Miller and Company that the paper which they were signing was an order blank for 11 aluminum combination storm windows and screens and two combination aluminum doors for a cash price, the total order being $446, and that plaintiff is not a holder in due course because of section 15 of the Uniform Negotiable Instruments Act which provides as to an incomplete instrument not delivered, as follows:

"Where an incomplete instrument has not been delivered it will not, if completed and negotiated without authority, be a valid contract in the hands of any holder as against any person whose signature was placed thereon before delivery."

It is obvious that this section relates only to cases where there has been no delivery of the instrument by the person signing it, as is further evidenced by the following section 16 in reference to delivery, when effectual, and when presumed:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the

purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him, so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

This section has been held by the Delaware courts to mean that conditional delivery may be shown as between the immediate parties and as against persons not holders in due course: Wilmington Trust Co. et al. v. Morgan, 92 Atl. 988, 5 Boyce Del. 261.

It is true that by the Uniform Negotiable Instruments Act, sec. 14, Uniform Laws Annotated, vol. 5, any incomplete instrument must be filled up strictly in accordance with the authority given and within a reasonable time, but this same section also provides that if any such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time.

The difficulty with defendants' position is that all the acts of infirmity alleged in the petition to open the judgment existed between the immediate parties to the note and not between the parties and plaintiff as a holder in due course, and as there is no allegation that plaintiff had notice of any infirmities at the time it was negotiated to it,. defendants cannot avail themselves of such alleged infirmities as against plaintiff as a holder in due course.

And now, January 15, 1954, for the foregoing reasons, the rule to show cause why the judgment should not be opened and defendants let into a defense is discharged, and the rule to strike off the rule is made absolute.