**NATIONAL LEASING CORPORATION, a Pennsylvania Corporation, Plaintiff,**

v.

**B. A. WILLIAMS, II, Defendant.**

Misc. No. 7092.

United States District Court, W. D. Pennsylvania.

July 25, 1978.

John B. Montgomery, Pittsburgh, Pa., for plaintiff.

Frederick J. Francis, Pittsburgh, Pa., for defendant.

## MEMORANDUM

MARSH, District Judge.

On June 6, 1978, in this district court, the plaintiff National Leasing Corporation filed a Complaint in Confession of Judgment against the defendant, B. A. Williams, II. In its complaint plaintiff alleged diversity of citizenship, i. e., that plaintiff is a corporate citizen of Pennsylvania with its principal place of business in Pennsylvania, and that the defendant resides in Texas.[1] The amount in controversy, exclusive of interest and costs, exceeds $10,000.

Plaintiff also alleged that defendant had executed a promissory note promising to pay plaintiff $1,525,000, with interest, and containing a confession of judgment authorization; that defendant had defaulted under the terms of said note; and that the sum of $1,802,470.27 was due and owing the plaintiff pursuant thereto.

1. We assume that the defendant is not a citizen of Pennsylvania, however, the complaint should be amended promptly to assert this fact, or that the defendant is a citizen of Texas.

A copy of the note was attached to the complaint, marked Exhibit A and made a part thereof.

The averments in plaintiff's complaint were verified by plaintiff's chairman whose affidavit was attached to the complaint.

Plaintiff's prayer for relief demanded judgment against defendant for $1,802,-470.27, together with costs of suit and collection as authorized by the note.

Pursuant to the cognovit contained in the note, on June 6, 1978, Anthony P. Picadio, Esquire, filed in the Clerk's office a Confession of Judgment, wherein he entered his appearance for defendant and confessed judgment in favor of plaintiff and against defendant for $1,802,470.27 together with costs of suit and collection.

On June 6, 1978, judgment was entered against defendant by the Clerk. Notice of Entry of Judgment was mailed to the defendant in Houston, Texas, on June 6, 1978.

On June 26, defendant presented to this court a Motion for Relief from Judgment and Stay of Registration and Execution, and under Rule 60(b)(4) moved to vacate the judgment and dismiss the action on the grounds that the judgment is void and defective.

In the motion defendant admits defendant is a "resident" of Texas and does not allege he is a "citizen" of Pennsylvania.

The judgment was confessed by Attorney Picadio. We take judicial notice that he is a member of the bar of this court. This district court is a court of record. Upon application for recordation or entry of the judgment, the Clerk entered judgment at Misc. No. 7092 and notice of the entry was mailed to the defendant. Rule 77(d) Fed.R. Civ.P.

In his brief the defendant contends that the judgment should be declared void (1) because the judgment was not specifically authorized by a judge of this court, and (2)

because the judgment is invalid under Bahamian law.

In our opinion the motion should be denied.

I

▪ There is no legal prohibition against entering judgment by confession in a court of the United States, if federal jurisdiction exists. *United States v. Stuart,* 392 F.2d 60, 63 (3d Cir. 1968). Over the years a number of judgments have been confessed in this court and entered by the Clerk without any attack having been made upon the procedural right of the Clerk to do so.[2]

▪ Rule 77(c) Fed.R.Civ.P. provides that "All motions and applications in the clerk's office for . . . proceedings which do not require allowance or order of the court are grantable of course by the clerk."[3] An application to enter a judgment upon confession does not require "allowance or order of the court."

Rule 79(a) Fed.R.Civ.P. requires the clerk to enter a judgment on the civil docket showing the date of entry, the substance and the file number.

"The right to enter judgment upon a confession contained in an instrument is a common-law right which may be exercised without the necessity of suit, i. e., service of process, pleading and judicial determination. *Shure v. Goodimate Co., Inc.,* 302 Pa. 457, 153 A. 754; 34 C.J. 104."

*Federal Deposit Ins. Corp. v. Steinman,* D.C., 53 F.Supp. 644, 651 (E.D.Pa.1943).

▪ The Federal Rules of Civil Procedure do not include the exercise of the contractual right to enter judgment by confession. The agreement to confess judgment obviates the necessity for a formal commencement of action, service of process, pleading, a trial of the issues and judicial determination thereof. An authorization to

---

2. The reference to Prothonotary in the warrant of attorney does not exclude the federal judicial system. *United States v. Stuart,* 392 F.2d at 63.

3. Local Rule 7(b) authorizes the Clerk to grant, sign and enter: ". . . (b) Any other of the orders referred to in Rule 77(c) of the Federal Rules of Civil Procedure which do not require allowance or order of the Court."

confess judgment is in fact a waiver of the provisions of the aforesaid Rules governing the steps taken through the rendition of judgment as to the amount of the debt which is due. Such a waiver is in no way incompatible with the Rules which, to the extent they have not been waived, continue in effect as to the Clerk's ministerial duty of recordation or entry of the confessed judgment, and as to any post judgment proceedings such as stay of enforcement, execution, relief from judgment, appeal, etc.

 We hold that the Clerk's ministerial act of recordation of a valid confession of judgment is not precluded by the Federal Rules and in fact is permissible and does not require any order or intervention of a judge. The defendant has given an attorney the power of a court to render the judgment against him, hence the Clerk has the power to enter it.

No attack was made upon the procedural right of the Clerk to record the entry of a confessed judgment in *United States v. Stuart,* 392 F.2d 60; *Federal Deposit Ins. Corp. v. Steinman,* D.C., 53 F.Supp. 644; or *Hadden v. Rumsey Products,* 196 F.2d 92 (2d Cir. 1952); See 6A *Moore's Federal Practice* ¶ 58.09, pp. 58–353—58–357.

In the cases relied on by the defendant the application for confession of judgment was made to the district court judge and not the Clerk.

## II

The motion under Rule 60(b)(4) to have the judgment declared invalid under Bahamian law is nothing more than on allegation by defendant of a meritorious defense. The facts asserted by defendant in support of his argument are not supported by the record. Even if those facts are assumed to be correct, it seems apparent that Pennsylvania is the place with the most significant relationship to the parties and the transaction, and that Pennsylvania's conflicts law should be applied. *Neville Chemical Co. v. Union Carbide Corp.,* 422 F.2d 1205, 1211 (3d Cir. 1970).

It appears that plaintiff is a Pennsylvania corporation with its principal place of business in the forum state. The promissory note agreed to by the defendant was entered into pursuant to the Pennsylvania Uniform Commercial Code. Thus, Pennsylvania law was chosen to apply to the note. Also, the performance of the agreement was to be in Pennsylvania, the designated place of payment. The obligations of the maker of a note are determined by the law of the state designated on the instrument as the place of payment. Restatement Conflicts of Law, § 214.

At this stage the motion to declare the judgment invalid is without merit.