## AmQUIP CORPORATION

### v.

### Delphin Kingsnorth PEARSON and Charlotte Pearson, his wife.

### Civ. A. No. 83–3377.

United States District Court, E.D. Pennsylvania.

March 19, 1984.

Joseph R. Pozzuolo, Gary M. Perkiss, Philadelphia, Pa., for plaintiff.

Richard H. Knox, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

On July 14, 1983, plaintiff, AmQuip Corporation ("AmQuip"), confessed judgment against the Pearsons in this diversity action. The judgment covers two separate transactions in which the Pearsons allegedly acted as guarantors for their corporation, Kingsnorth Steel Erectors, Inc. ("Kingsnorth"). Kingsnorth is now the subject of bankruptcy proceedings in Maryland. The Pearsons have moved to "open or strike" AmQuip's confessed judgment. The Pearsons have also made requests which appear to be requests for leave to file third-party complaints.

### 1. *Applicable Standards*

Defendants' motions to open or strike the judgment and for leave to bring third-party complaints present an apparently confusing issue. These motions involve questions of whether, and, if so, to what extent, certain Pennsylvania rules denominated rules of "procedure" should be applied in a federal district court. Pennsylvania authorizes cognovit clauses in notes and similar instruments through its Rules of Civil Procedure. *See* Pa.R.Civ.P. 2950–2962 (Purdon 1975 and Supp.1982); *cf. Swarb v. Lennox,* 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). These Rules constitute a substantive affirmation of the validity in Pennsylvania of clauses permit-

ting confession of judgment for money. These Rules also govern the procedure for confessing that judgment in the courts of Pennsylvania. Specifically, Rule 2959 provides the standard for opening or striking off a confessed judgment in a Pennsylvania court and Rule 2960 precludes third-party complaints in a proceeding to open or strike off a confessed judgment.

█ Under the rule of *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal district court sitting in diversity applies state substantive law—the substantive law that a court of the state in which the federal court sits would apply—and federal procedural law. Most federal procedural law derives from the Federal Rules of Civil Procedure supplemented by the local rules each federal district court adopts. Insofar as those Rules address a question before a federal district court, the court will ordinarily follow them. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Federal Rule 60(b) seems to address the standard for obtaining relief from a judgment in federal court. Federal Rule 14 and this court's Local Rule 22 seem to address the question of a third-party complaint's propriety.

█ Confusion arises because the Pennsylvania Rules of Civil Procedure have a substantive component. Both parties to this action have acted on the assumption that because the Pennsylvania Rules provide the substantive basis for confessing a judgment in this court, those Rules also govern the mode of opening a confessed judgment in this federal court and the permissibility and manner of bringing third-party complaints in an action in this court to open a confessed judgment. I believe the parties have made an erroneous assumption.

In *Federal Deposit Insurance Co. v. Barness,* 484 F.Supp. 1134, 1141 (E.D.Pa. 1980), defendant argued that the Federal Rules applied in a federal court hearing a motion to open a confessed judgment. Plaintiff argued that the Pennsylvania Rules must apply because the Federal

Rules of Civil Procedure contain no reference to confessed judgments. Judge Becker did not decide whether the Pennsylvania or Federal Rules of Civil Procedure governed; he found that under either standard defendant could have the confessed judgment opened. 484 F.Supp. at 1141.

The Court of Appeals has held that "a petition to open or vacate a judgment entered in the federal courts is procedurally governed by Rule 60, Fed.R.Civ.P." *Girard Trust Bank v. Martin,* 557 F.2d 386, 389 (3d Cir.1977), *cert. denied,* 434 U.S. 985, 98 S.Ct. 612, 54 L.Ed.2d 479 (1977); *Accord Strick Lease v. Rebel Express, Inc.,* C.A. No. 82–1773, bench op. (E.D.Pa. Sept. 19, 1983). As Judge Becker observed, *Girard Trust* merely considered whether Federal Rule 8 or Federal Rule 60 applied. *Barness,* 484 F.Supp. at 1141 n. 5. Yet, the Court of Appeals assumed that some Federal Rule applied, suggesting that the Pennsylvania Rules could not.

Rule 60(b) does not in terms refer to confessed judgments. Yet Rule 60(b) certainly applies when one takes the view of confessed judgments' role within the scheme of the Federal Rules of Civil Procedure expressed in *National Leasing Corp. v. Williams,* 80 F.R.D. 416 (W.D.Pa.1978):

> The agreement to confess judgment obviates the necessity for a formal commencement of action, service of process, pleading, a trial of the issues and judicial determination thereof. An authorization to confess judgment is in fact a waiver of the provisions of the aforesaid Rules governing the steps taken through the rendition of judgment as to the amount of the debt which is due. Such a waiver is in no way incompatible with the Rules which, to the extent they have not been waived, continue in effect as to the Clerk's ministerial duty of recordation or entry of confessed judgment, and as to any post judgment proceedings such as stay of enforcement, execution, *relief from judgment,* appeal, etc.

80 F.R.D. at 418–419 (emphasis added); *accord* 6A J. Moore, *Moore's Federal Practice* ¶ 58.09 at pp. 58–356 to 58–357 (2d

Ed.1983). Under this view, a confession of judgment clause operates as a contractual waiver of all prejudgment procedures. The Pennsylvania Rules of Civil Procedure evidence the validity under Pennsylvania's contract law of this sort of waiver. A federal court will recognize this aspect of Pennsylvania contract law, or the contract law of any other state applicable in a diversity action. However, a general confession of judgment clause does not lay out postjudgment procedure as a matter of contract. The Pennsylvania Rules of Civil Procedure prescribe that procedure for Pennsylvania courts. In federal courts, Federal Rule 60(b) applies.

### 2. Motion to Open or Strike

#### (a) Timeliness

■ Plaintiff challenges defendants' motion on the ground that defendants did not, in a timely fashion, move for relief from this judgment. Plaintiff confessed judgment on July 14, 1983. On August 15, 1983, defendants' Maryland counsel wrote to the clerk of court. In his letter he represented that neither he nor the Pearsons had received notice of the confessed judgment until August 1. Defendants' Maryland counsel requested an extension until September 1. Richard Knox, Esquire, entered his appearance for defendants on August 25. Defendants did not move to open this judgment until September 16, 1983, however.

Federal Rule of Civil Procedure 60(b) provides that a party seeking relief from a judgment must move "within a reasonable time" which shall not exceed one year for certain asserted grounds for relief. The Pearsons certainly come within the one year limitation. I need only inquire, then, whether a two month delay is unreasonable.

Plaintiff has cited no case where a two month delay defeated a motion to open a confessed judgment in either federal or state court. I see no reason to foreclose defendants from challenging this judgment solely because of a short delay which plaintiff does not allege caused it any prejudice.

#### (b) Motion to Open Judgment on Count I

Count I of the complaint alleges that the Pearsons acted as guarantors on a conditional sale contract between AmQuip and Kingsnorth. AmQuip sold Kingsnorth a crane, retaining a security interest. AmQuip assigned the conditional sale contract to Credit Alliance Corporation with an undertaking to repurchase the contract in the event of Kingsnorth's default. Kingsnorth did default. Credit Alliance and Kingsnorth, through Mr. Pearson, had discussions leading to the delivery of the crane to George Turner Crane Service. Turner eventually sold the crane for Credit Alliance's or AmQuip's account. At some point, Credit Alliance reassigned its note and security interest in the crane back to AmQuip. The highest bid received by Turner was $35,000. AmQuip purchased the crane for $35,000 from Turner, leaving a $21,000 deficiency. AmQuip confessed judgment against the Pearsons on their guarantee of Kingsnorth's obligation for the amount of the deficiency, interest, costs, and attorney's fees. The total judgment on Count I comes to $39,720.36.

In addressing this motion to open AmQuip's judgment on Count I, the court once again finds itself hampered by the parties' inattention to the source of proper legal standards. As explained above, federal standards govern the procedural aspects of a motion to open a confessed judgment. However, Pennsylvania's substantive law, including its conflict of laws rule, governs any non-procedural attack on AmQuip's judgment. The reason for inquiring into Pennsylvania's conflict of laws rule is that both the Pearson's guarantee and Kingsnorth's conditional sale agreement recite that they are to be construed according to the laws of the state of New York.

The Pearsons do not allege any formal defects in AmQuip's confession of judgment. This obviates any question whether Rule 60(b) includes a special federal standard for formal validity of confessed judgments, as one might assume from the fact

that this court's Local Rules of Civil Procedure impose some formal restrictions. *See* E.D.Pa.R.Civ.P. 45. Further, I need not determine whether New York or Pennsylvania requirements for formal validity of a confessed judgment apply here under the rule of *Krantz v. Kazenstein,* 22 Pa.Super. 275 (1903). *See also Jameson Piano Co. v. Earnest,* 66 Pa.Super. 586, 587 (1917); Annot., 19 A.L.R.2d 544 (1951) (What law governs validity of warrant or power of attorney to confess judgment).

■■■ The Pearsons attack AmQuip's judgment on Count I by asserting a set of defenses which the Pearsons allege suffice to create a jury question. The Supreme Court has upheld confession of judgment clauses as according adequate due process to the debtor. *D.H. Overmeyer Co., Inc. v. Frick Co.,* 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972). In his majority opinion Justice Blackmun specifically noted the importance of a procedural route to assert valid defenses after confession of judgment. 405 U.S. at 188. Justices Douglas and Marshall, concurring, explicitly relied on the availability of an opportunity to assert defenses. 405 U.S. at 188–190. Thus, if federal district courts are to permit confessions of judgment, the Federal Rules must provide some procedural route for a defendant to assert any valid defenses to the judgment which he might have; absent that procedural route, confession of judgment would violate the requirements of the Due Process Clause. Thus, if the Pearsons adequately assert a valid defense to the judgment in this case, Federal Rule 60(b) must authorize this court to grant relief from that judgment. *But cf. United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192 at 194–195 (3d Cir.1984) (meritorious defense *plus* showing of no prejudice to plaintiff and no fault of defendant required to open a *default* judgment).

■■■ Among other defenses, the Pearsons assert that they never received notice of Turner's sale of the crane as required by section 9–504 of the Uniform Commercial Code. *See* Affidavit of Delphin Kingsnorth Pearson at 2. Pennsylvania and New York would both apply Article 9 of the Uniform Commercial Code to the transaction between Kingsnorth, AmQuip, the Pearsons, and Credit Alliance. *See* 13 Pa.Cons.Stat. Ann. § 9102(a) (Purdon Supp.1983); N.Y.U. C.C. § 9–102(1) (McKinney Supp.1983). In determining which state's law to apply, this court must look first to the law that a Pennsylvania court would apply to this transaction. With certain inapplicable exceptions, Pennsylvania will honor the parties' choice of New York law, if New York bears a reasonable relation to the transaction. 13 Pa.Cons.Stat.Ann. § 1105 (Purdon Supp.1983). Because Credit Alliance is a New York corporation, New York has a reasonable relationship to this transaction.

■■■ The New York Uniform Commercial Code permits a secured party to take possession of collateral upon the debtor's default and to sell the collateral. *See* N.Y.U. C.C. §§ 9–503, 9–504 (McKinney Supp. 1983). Section 9–504(3) imposes a notice requirement on the secured party as follows:

> Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale.

This right to notice applies to a guarantor as well as a principal debtor in a secured transaction. *Chase Manhattan Bank, N.A. v. Natarelli,* 93 Misc.2d 78, 401 N.Y. S.2d 404 (S.Ct., Monroe County 1977); *see also Executive Bank of Ft. Lauderdale v. Tighe,* 54 N.Y.2d 330, 429 N.E.2d 1054, 445 N.Y.S.2d 425 (1981) (guarantor has right to notice when secured party sells collateral under New York and Florida law, but not when bankruptcy trustee sells property).

Plaintiff has attempted to suggest that defendants purposefully avoided receiving the notice required by section 9–504 by refusing to pick up their mail. Plaintiff's Supplemental Memorandum at 4. How-

338

ever, Credit Alliance apparently sent notice to the Pearsons at the address listed by Delphin Pearson in December, 1980, on his guarantee: P.O. Box 427, Warwick, MD 21912. The Pearsons contend that they now can be reached not at Box 427, but at P.O. Box 216, Warwick, MD 29112. Defendant's Answer, ¶ 2. While the Pearson's box number may have changed, this court may take judicial notice that the correct zip code for Warwick, Maryland, is 21912. *Zip Code Directory* (Arrow 1983).

█ The Pearsons may have received adequate notice through the notice given their corporation. The Pearsons may have had notice of the certified letters sent to them, and the Pearsons may have consciously avoided the letters. These possibilities, however, present factual issues appropriate for resolution at a later stage in this case after opening the confessed judgment. Accordingly, the appended Order will open the judgment granted plaintiff on Count I of its complaint. Because the parties have not given the court appropriate guidance on New York law, the court will not rule on the legal or factual sufficiency of the Pearsons' other defenses. AmQuip may challenge these defenses on a motion to strike or for summary judgment.

### (c) *Motion to Open Judgment on Count II*

Count II of the complaint alleges that Kingsnorth and another corporation, Industrial Acoustics Company, Inc. ("Industrial Acoustics"), leased a 75 ton crane from AmQuip. The lease was executed by "D.K. Pearson" for both lessees. Paragraph 20 of the lease provides:

Any officer or agent of Lessee who executes this Agreement warrants that he has authority to sign on behalf of and bind Lessee and agrees individually in his own right, jointly and severally with Lessee to: (a) be liable for all rental payments due hereunder; (b) indemnify, defend, and hold harmless Lessor to the same extent Lessee agrees to indemnify, defend and hold Lessor harmless hereun-

der, and (c) procure all insurance required as provided for herein.

Paragraph 17 of the lease further provides, in part:

In consideration of Lessor's entering into this contract, Lessee authorizes and empowers any prothonotary, clerk of court or any attorney of any court of record on default by Lessee to appear for Lessee and confess judgment against Lessee for all rental payments due and all other sums due hereunder together with costs of suit and attorneys' fees of 15%.

(capitalization omitted). Pursuant to paragraphs 17 and 20, AmQuip has confessed judgment against Delphin Pearson for past due rent plus costs.

█ Delphin Pearson has moved to open or strike this judgment on two grounds. Pearson first argues that he guaranteed Kingsnorth's obligation only. Pearson claims that Industrial Acoustics agreed to reimburse Kingsnorth, and in fact intends soon to reimburse Kingsnorth, for rent due on the lease. These contentions, even if true, would not warrant opening this judgment. The existence of a claim by Kingsnorth or Pearson against Industrial Acoustics does not alone relieve Pearson of his obligation to AmQuip. Pearson would only be relieved of that obligation if he could show a novation, which he has not alleged.

█ Pearson makes a more persuasive second argument. He notes that paragraph 17 of the lease only mentions the Lessee as a possible confessed judgment debtor. Pearson argues that although he may bear a personal liability for the default under paragraph 20, his signature did not authorize AmQuip to confess judgment against him personally.

As to this contention, Pennsylvania law applies. Paragraph 29 of the lease provides, in part, that "[t]his lease shall be governed by Pennsylvania Law." The contractual waiver of a right to trial must be found in the lease if at all. I find this case indistinguishable from *Solebury National Bank of New Hope v. Cairns,* 252 Pa.Super. 45, 380 A.2d 1273 (1977). In *Solebury* the Superior Court held that a debtor cor-

poration's president who guaranteed the debt did not thereby authorize the creditor to confess judgment against him personally, although the note in question authorized confession of judgment against the corporation. Last year, in *First National Bank of Fryburg v. Kriebel*, 457 A.2d 961 (Pa.Super.1983), the Superior Court declined to reopen a confessed judgment where the party seeking to open the judgment had not only signed the note in question as a guarantor, but had signed in his individual capacity as a co-maker. This case resembles *Solebury* more than *Kriebel*. Pearson's signature does not, by virtue of paragraph 20, place him precisely in Kingsnorth's shoes. Rather, paragraph 20 imposes joint and several liability on Pearson for some but not all of Kingsnorth's obligations under the lease. Paragraph 20 does not authorize AmQuip to confess judgment against Pearson.

Plaintiff responds to the claim that paragraph 20 did not authorize it to confess judgment against Delphin Pearson with the contention that the guarantee which authorized confession of judgment on Count I also covers the lease transaction. That may be. However, plaintiff has confessed judgment under the lease, and defendant may have relief from that judgment. *Cf. Centennial Bank v. Germantown-Stevens Academy*, 277 Pa.Super. 134, 419 A.2d 698 (1980).

3. *Request for Leave to File Third-Party Complaint*

 Opening a confessed judgment has the effect of permitting defendant to treat the complaint for confession of judgment as an ordinary complaint. It operates as a leave of court to file the answer included in defendant's motion. It also permits defendant otherwise to plead as permitted under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 14(a) permits service of a third-party complaint if defendant files the third-party complaint within ten days after he serves his original answer. Defendants' service of the answer in this matter cannot have any effect until entry of an Order opening plaintiff's confessed judgment. Even if this were not the case, defendants filed their third-party complaints at the time they filed their answer. Accordingly, defendants do not require leave of court to serve Industrial Acoustics Company, Inc. or Credit Alliance Corporation with a third-party complaint.