# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 95-10308

_____


RESOLUTION TRUST CORPORATION

       Plaintiff - Appellee

v.

NARINDER MONGA; CHANDER P. MONGA

       Defendants - Appellants

_____

Appeal from the United States District Court
For the Northern District of Texas
(3:94-MC-121-D)

_____

February 1, 1996
Before WIENER, PARKER, and DENNIS, Circuit Judges


PER CURIAM:[*]

The Resolution Trust Corporation ("RTC") filed suit to have its judgment against

Narinder and Chanda Monga made executory in the United States District Court for the Northern

District of Texas. Narinder and Chanda Monga moved to quash entry of judgment and discovery

in aid of execution. The Texas federal district court denied the motion and the Mongas appealed.


The original judgment in favor of the RTC and subsequent denial of the Mongas' motion

to reopen the judgment was entered by the District Court for the Eastern District of Pennsylvania.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

The Mongas contend now, as they did in their motion to reopen the judgment, that the District Court for the Eastern District of Pennsylvania did not have *in personam* jurisdiction to enter a confessed judgment against them. However, the Mongas failed to appeal from the Pennsylvania federal court's refusal to reopen that judgment. Instead, the Mongas argue that this Court should remand the case to the district court of Northern Texas with instructions to quash entry of the judgment and vacate the judgment of the district court of Eastern Pennsylvania based on lack of *in personam* jurisdiction.

The district court for the Northern District of Texas concluded that to the extent the defendants are challenging the validity of the judgment, they are attempting a collateral attack that should have been presented to the District Court of Eastern Pennsylvania. The court also concluded that absent a valid challenge to the judgment, there was no basis to preclude discovery concerning an existing and enforceable judgment. We agree with the district court.

### Background[1]

In December 1985, the Mongas, residents of Dallas, executed a promissory note in Dallas in favor of Atlantic Financial Federal of Bala Cynwyd (a Pennsylvania financial institution). The proceeds from the note were used to help finance a speculative investment in Triad American Entergy, Inc. Along with the amount and terms of payment, the note provides that in the event of default, judgment by confession may be entered in any court for the amount due as evidenced by an affidavit of the lender. Furthermore, the note provides that "all issues arising hereunder shall

---

[1] **The facts are taken from <u>Resolution Trust Corporation v Monga</u>, 1994 WL 517996 (E.D. Pa. 1992) - the unpublished Memorandum and Order denying the Mongas' motion pursuant to Federal Rule 60(b) to reopen the judgment and to dismiss the RTC's complaint for numerous reasons including lack of *in personam* jurisdiction.**

be governed by the laws of Pennsylvania."

The Mongas ceased making payments on the note in August 1987 and were warned soon thereafter that they were in default and subject to legal consequences if they did not resume payment of the note. They failed to respond to the warning. In March 1994, the RTC, appointed Receiver in 1990 for Atlantic Financial Federal, filed a complaint in the district court for the Eastern District of Pennsylvania and obtained judgment by confession.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,[2] the Mongas timely filed a motion for the court to reopen the judgment and, among other defenses, argued that the court should dismiss the RTC's complaint for lack of *in personam* jurisdiction. As noted above, in an unpublished Memorandum and Order of September 1994, the court denied the motion. The Mongas did not appeal from the denial of the Rule 60(b) motion though they were entitled to an appeal reviewable by our sister circuit court for abuse of discretion. Benito Villareal v Braswell Motor Freight Lines, Inc., 545 F.2d 978 (5th Cir.1977).

On November 3, 1994, the RTC registered the Pennsylvania federal court judgment in federal district court for the Northern District of Texas. Included was a certification by the clerk of the Pennsylvania federal court that the judgment entered was a true and correct copy, that no notice of appeal from that judgment had been filed, and that no motion of any kind listed in Rule

---

**2** **Rule 60 provides procedure for relief from Judgment or Order. In the particular instance of confession of judgments, AmQuip Corp. v Delphin Kingsnorth Pearson, et ux, 101 F.R.D. 332, 337 (1984) interprets Rule 60 in the following manner:**

> **Thus, if the Federal courts are to permit confessions of judgment, the Federal Rules must provide some procedural route for a defendant to assert any valid defenses to the judgment which he might have; absent that procedural route, confession of judgment would violate the requirements of the Due Process Clause. Thus, if the Pearsons adequately assert a valid defense to the judgment of this case, Federal Rule 60(b) must authorize this court to grant relief from the Judgment.**

**Id at 337.**

3

4(a) of the Federal Rules of Appellate Procedure had been filed. In January 1995, the Mongas filed a motion in the Texas federal court to quash entry of judgment and discovery in aid of execution. The court denied that motion and the Mongas' subsequent motion for reconsideration. The Mongas now appeal from the decisions of the district court.

The Mongas base their appeal on the assertion that the Pennsylvania federal court lacked *in personam* jurisdiction over them. They further assert that the Pennsylvania federal court "refused to provide a hearing or receive testimony and summarily refused to reopen the confessed Judgment."

The validity of an order of a federal court depends in part upon that court's having jurisdiction over the parties. <u>Insurance Corporation of Ireland, LTD. et al v Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 701 (1982). It has long been settled that principles of res judicata apply to *in personam* jurisdictional determinations. Id at 702, Note 9. In considering the Mongas' motion to vacate the judgment, the District Court for Eastern Pennsylvania evaluated their assertion that the court lacked *in personam* jurisdiction and determined that the defendants did not show "any meritorious legally cognizable defense" to the confessed Judgment. <u>Resolution Trust v Monga</u> at p.4. The Mongas did not appeal from the ruling of the Pennsylvania federal court. Hence, the Pennsylvania federal court's determination that it had *in personam* jurisdiction is final, and the parties are precluded by res judicata from relitigating the issue. 456 U.S. at 702, Note 9. Accordingly, the judgment of the trial court is AFFIRMED.